152 So. 307

## STATE v. RIDGWAY.

### No. 32491.

Nov. 27, 1933.

Frank A. Blanchard, of Shreveport, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and James U. Galloway, Dist. Atty., and Nash Johnson, Asst.

Dist. Atty., both of Shreveport (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

ROGERS, Justice.

The defendant Willie Ridgway is also the defendant in the case No. 32492 of our docket. 152 So. 306.[1] In that case, defendant was tried and convicted of burglary on June 20, 1933; and in this case, defendant was tried and convicted of another burglary on June 23, 1933.

On this appeal, two grounds of error are suggested in the proceeding in the court below: First, that the trial judge erred in overruling defendant's plea of present insanity and refusing to appoint experts to determine his mental condition. Second, that the trial judge erred in admitting, over objection, a certain statement made by the defendant while in the custody of the officers.

We find no merit in the first ground of error alleged. The question of defendant's present insanity was considered and disposed of adversely to defendant's contention in the other case of State v. Ridgway, 178 La. 606, 152 So. 306, this day decided.

We find the second ground of error alleged to be well founded. After defendant had been convicted of burglary, but before sentence, in the first case, and while he was being conducted to jail to await trial in this case on a separate and distinct charge of burglary, defendant stated: "I know I am going to the penitentiary for a long time, but when I get out I am going to kill old Will George." It appears that Will George, the person referred

---

[1] 178 La. 606.

to in the statement, was the officer who had arrested defendant on both charges.

The statement was admitted, over defendant's objection, as an act or declaration of the defendant which, taken in connection with all the other circumstances in the case, might justify the jury in reasonably drawing therefrom an inference of guilt.

The threat testified to undoubtedly showed ill will on the part of defendant towards Will George. But there was no connection between defendant's threat to kill the witness and the commission of the crime of burglary for which he was being tried.

After the verdict of the jury had been returned in the first case and while defendant was being conducted from the courtroom to the jail by means of an elevator, defendant made the statement complained of. From this circumstance, it seems reasonably certain that the hostility expressed by defendant towards Will George arose out of his former trial and conviction, and was directed at a witness who had testified against him; and that defendant by his statement did not contemplate any obstruction to his prosecution in the present case.

The testimony was well calculated to prejudice the minds of the jurors by impressing upon them the fact that defendant was of a malicious and dangerous disposition, and that he was a person who would most likely commit a criminal offense.

For the reasons assigned, the conviction and sentence appealed from are annulled, and the case is remanded to the district court for retrial.

O'NIELL, C. J., absent.

152 So. 308