*607
 
 ROGERS, Justice.
 

 Willie Ridgway, the defendant, appeals from his conviction and sentence for the crime of burglary. Defendant’s complaint is that 'the trial judge overruled his plea of present insanity and refused to appoint a commission of experts to determine his mental condition. Defendant’s plea, accompanied by affidavits of his mother ahd his aunt, was filed on the day of trial. The trial judge assigns as his reason for overruling the plea and declining to appoint experts to examine defend■ant: “That no evidence was submitted or offered which would cause the court to believe defendant might be insane.”
 
 t
 

 ■ Act No. 136 of 1932 amends and re-enacts article 267 and repeals articles 268, 269, 270, 271, 272, and 273 of the Code of Criminal Procedure, and is the statute governing pleas of insanity at the present time.
 

 The statute (section 1) reads in part as follows, viz.: “If before or during the trial the court has reasonable ground to believe that the defendant, against whom an indictment has been found or information filed, is insane, or mentally defective, to the extent that he is unable to understand the proceedings against him or to assist in his defense, the court shall immediately fix a time for a hearing to determine the. defendant’s mental condition, The court may appoint two disinterested qualified experts in mental diseases to examine the defendant with regard to his present mental condition and to testify at the hearing.”
 

 The clear purpose of the law is to make effective the humane principle that no person while insane can be tried and punished •for a criminal offense. But it was never intended that the trial on the issue of guilt or innocence shall be delayed simply because the defendant seeks to avoid trial on the ground that he is presently insane.
 

 Under the express terms of the statute, the trial judge is not required to order an inquiry into the mental condition of the defendant unless he has reasonable ground to believe that defendant is insane. But defendant’s assertion that he is insane, or even the affidavits of witnesses that they do not consider defendant is mentally sound, are not of themselves sufficient to create such belief in the mind of the trial judge. The question is one that addresses itself to the sound discretion of the court. Reasonable ground to believe that the defendant is insane can only arise in the mind of the trial judge when information to that effect is furnished from a trustworthy source or by credible parties, or when from the inspection or observation of the court, itself, defendant appears to be mentally unbalanced;
 

 In this case, neither the information furnished nor his personal .observation of the defendant, himself, created any reasonable ground of belief in the mind of the trial judge that defendant was not presently sane, and he, therefore, found it unnecessary and inexpedient to order a hearing to determine defendant’s mental condition.
 

 After reading the affidavits of defendant’s mother and maternal aunt filed in support of his plea of present insanity, and considering the fact that defendant was under the personal observation of the trial judge, we are unable to say that the case is one ip which the
 

 
 *609
 
 court should have ordered an inquiry into the sanity or insanity of the defendant.
 

 For the reasons assigned, the conviction and sentence herein appealed from are affirmed.
 

 O’NIELL, C. J., absent.