PONDER, Justice.
 

 The defendants, A. W. Towns and J. D. Milam, were both indicted for the murder of one Willie Hopkins. Upon trial, the jury found the defendants guilty of negligent homicide and recommended clemency for the defendant, A. W. Towns. J. D. Milam was sentenced to serve a period of two and one-half years in the penitentiary, and A. W. Towns was sentenced to serve
 
 *533
 
 a period of one year in the penitentiary. The defendants have appealed.
 

 While the jury was being selected to try this case, after four jurors had been examined on their voir dire and accepted by both the State and the defense, one of the accepted jurors requested the court to excuse him from the court room for a few minutes. At the time this request was made, there were four prospective jurors, who had been called for examination on their voir dire but who had not been examined, sitting in the jury box with the accepted jurors. The trial court instructed the jury and permitted the four jurors who had been accepted, over the objection of counsel for the defendants, to retire from the jury room in a body in the custody of the sheriff. Counsel for the defendants reserved a bill of exception to the overruling of his objection.
 

 In the per curiam of the trial judge, it is stated that while the accepted jurors were absent from the court room, the court remained at ease, and no steps were taken until their return.
 

 Counsel for the defendants takes the position that the jury was separated in violation of Article 394 of the Code of Criminal Procedure.
 

 Article 394 of the Code 'Of Criminal Procedure provides:
 

 “From the moment of the acceptance of any juror * * * the jurors shall be kept together under the charge of an officer * *
 

 In the case of State v. Craighead, 114 La. 84, 38 So. 28, where five jurors who had been accepted and sworn together with seven jurors who had not been accepted and sworn were placed in the custody of the sheriff over night, this Court held that the overruling of an objection urged by the defendant was reversible error. This doctrine has been cited with approval on several occasions and especially in the case of State v. Swain, 180 La. 20, 156 So. 162.
 

 If it would be reversible error to permit jurors who had not been accepted to associate with jurors who had been accepted, we are at a loss to see how it would be reversible error to refuse to permit the association of accepted jurors with those who had not been accepted.
 

 From our appreciation of Article 394 of the Code of Criminal Procedure, when it states that the jurors shall be kept together under the charge of an officer, it has reference to accepted jurors and not prospective jurors. If it were otherwise, prospective jurors, before their acceptance, who might not be accepted, would be permitted to intermingle with the jury, thereby violating the very purpose and intent of the law. The purpose of the law, in our opinion, is to keep the jurors who actually try the case from any outside influence.
 

 The district attorney made an opening statement to the jury after it had been impaneled and sworn and the indictment read to them. From the minutes, it appears that the defendants’ counsel made an opening statement. However, the per
 
 *535
 
 curiam of the trial court is to the contrary. Be that as it may, for the purpose of this decision, we will assume that counsel for the defendants did make a statement to the jury of what he expected to prove.
 

 After the statements were made, without any other steps being taken in the trial, the court adjourned until the following morning. When court convened the following morning, the district attorney asked permission to supplement his opening statement, which was objected to by counsel for the defendent. The trial court overruled the objection and permitted the district attorney to supplement his opening statement. Counsel for the defendant was accorded the privilege of supplementing his statement.
 

 We see no merit in the bill reserved to this ruling of the court. The identical question was presented in the case of State v. Peyton, 194 La. 681, 194 So. 715. This court held that in the absence of any showing that the defendant was injured, it was not an abuse of the discretion of the trial court to permit the prosecuting officer to supplement his opening statement. There is no showing made that the defendant was in any wise injured by the ruling in this case.
 

 The .defendants’ motion for a new trial on the ground that the verdict is contrary to the law and the evidence presents nothing for review. This principle of law is so well established that it is not necessary to cite authorities.
 

 For the reasons assigned,'the verdict ancj sentences are affirmed. , •,