PONDER, Justice.
 

 The defendant Plillery Ledet was indicted and tried‘for the crime of murder. He was convicted and sentenced to be electrocuted. The defendant has appealed from the conviction and sentence.
 

 During the course of the trial, ten bills of exception were taken to rulings of the trial court.
 

 Bill of Exception No. 1 was taken to the court’s overruling defendant’s motion to quash the indictment.
 

 On September 12, 1945, the trial court ordered • the jury commission to draw a
 
 *774
 
 grand jury for September 24 and a petit jury for the week beginning November 12, 1945. The grand jury was duly impaneled and returned a true bill against the defendant on September 25, charging him with the crime of murder. The defendant was arraigned and pleaded not guilty on September 28, and the case was fixed for trial for November 12. On November 12, counsel for the defendant, prior to the impaneling of the jury or the commencement of the trial, appeared in open court and filed a motion to quash the indictment, and refused to go to trial because November 12 was a legal holiday. The lower court deferred ruling on the motion to quash until the next morning and ordered the trial of the case to be continued until November 13. The prospective jurors and witnesses were ordered to report on that day. On November 13 the motion to quash was overruled and the trial proceeded with. On November 14 the jury found the accused guilty as charged.
 

 Counsel for the defendant, in his motion to quash, takes the position that the order of the court directing the jury commission to call the grand jury for September 24 and the petit jury to be drawn for the week commencing November 12, is illegal, null and void, for the reason that the petit jury was called to serve for a week commencing on a legal holiday in contravention of the Constitution and laws dealing with the calling of grand and petit jury venires. He contends that the grand jury was impaneled under an illegal order and that any action taken by them in pursuance thereof is illegal, null and void.
 

 The trial judge in his per curiam states that the fall term of court for the trial of criminal matters is generally held in the month of November of each year in the parish of Evangeline; and when he executed the order on September 12 for the calling of a grand jury and petit jury, that he overlooked the fact that November 11, Armistice Day, fell on Sunday and that the following Monday, November 12, was a legal holiday. However, when it was called to his attention he continued the case and the trial was taken up on November 13.
 

 Under the provisions of Article 207- of the Code of Practice, as amended, no proceedings can be had in the trial of a case on a legal holiday except as provided by Act No. 6 of 1904, to the effect that whenever the impaneling of a jury or the taking of evidence on the trial of a case shall have been begun, it is within the discretion of the presiding judge whether the trial of the case shall be proceeded with on a holiday. From the facts of this case there were no proceedings had on November 12. The order of the court directing the calling of the petit jury for the week beginning November 12 was perfectly valid. Under the provisions of Articles 181 and 187 of the Code of Criminal Procedure, the period , of service of a petit jury is fixed at a week. The fact that Monday
 
 *776
 
 was a legal holiday is of no particular moment so long as no proceedings were taken on that day. The same situation would' have existed if a holiday had intervened during the week where a case was called for trial and continued. Under the provisions of Section 332 of the Code of Criminal Procedure, a trial does not begin until the first juror is called. The minutes of the court show that no juror was called for qualification until November 13.
 

 The order of court directing the jury commission to call the grand jury and petit jury was not executed on a holiday; defendant was not indicted on a holiday; and no proceedings in the trial were taken on a holiday. Such being the case, there is no violation of Article 207 of the Code of Practice, as amended. This article states that no citation can issue, no demand can be made, no proceedings had, nor suits instituted, on holidays. Consequently, we find no merit in the motion to quash.
 

 Bill of Exception No. 2 was taken to the overruling of the defendant’s objection to the commencement of the trial on November 13 and the reiteration of the motion to quash. For the reasons above set forth, we find no merit in this bill.
 

 Bill of Exception No. 3 was taken to the court’s excusing a prospective juror challenged by the State for cause, on' the ground that the prospective juror stated that he could not render a verdict imposing the death penalty. In other words, the jur- or was opposed to capital punishment. We see no merit in this bill for the reason that, when a juror tendered in a capital case has conscientious scruples against the infliction of capital punishment, it is good cause for challenge on the part of the prosecution. Section 2 of Article 352, Code of Criminal Procedure.
 

 The defendant does not urge bills of Exception No. 4 and No. 5.
 

 Bill of Exception No. 6 was reserved to the defendant’s objection to the admissibility of two confessions. The preponderance of the evidence shows that the confessions were freely and voluntarily made; in fact, the only testimony to the contrary was the testimony of the accused to the effect that the sheriff had informed him that if he did not tell what he knew, the board with which the deceased was killed would be used on the accused. Counsel for the defendant takes the position that the trial court erred in permitting the State to place the sheriff on the stand in rebuttal to refute this statement and contends that the State was thereby erroneously permitted to prove that the confessions were freely and voluntarily made by rebuttal testimony. The State was not attempting to prove the confessions were made freely and voluntarily by rebuttal testimony, but merely rebutting the testimony of the accused concerning the sheriff’s purported threat.
 

 Bill of Exception No. 7 was taken to the court’s refusal to appoint a lunacy
 
 *778
 
 commission after the State had rested its case in chief. Under the provisions of Article 267 of the Code of Criminal Procedure, the appointment of a lunacy commission is addressed to the sound discretion of the trial court. The lower court in its per curiam states that no plea of present insanity was filed and that the court, after .observing the defendant, was of the opinion that he was presently sane and understood very well everything that was taking place during the trial. Under such circumstances, we cannot say that the trial judge abused his discretion in refusing to appoint the commission.
 

 Bill of Exception No. 8 was taken to the refusal of the trial judge to give three special charges presented by the counsel for the defendant.
 

 (1) The first special charge was to the effect that the testimony of two certain witnesses should be received with suspicion and acted upon with great caution. The trial judge refused to give the special charge for the reason that the witnesses were not accomplices and there was no valid reason to give this charge. We see no error in the ruling of the trial judge in this respect.
 

 (2) The court was requested in defendant’s special charge No. 2 to instruct the jury on intoxication. The court refused to give the special charge, and in lieu thereof read to the jury Article 740-15 of the Criminal Code, which properly states the law dealing with an intoxicated offender. The court could not go beyond what this article provides and considered that the special charge contained matters not embraced in the article. We see no error in the ruling of the trial judge in this respect.
 

 (3) In his third special charge the defendant requested the court to give a special charge on specific intent. The judge refused to give the charge for the reason that he had instructed the jury in his general charge relative to premeditation, specific intent, and reasonable doubt. We see no error in his ruling.
 

 Bill of Exception No. 9 was taken to the overruling of a motion in arrest, based on the same grounds set out in bills of exception 1, 2 and 8. There is no necessity for us to reiterate our disposition of these bills.
 

 Bill of Exception No. 10 was taken to the overruling of a motion for a new trial. The defendant sets up his motion for1 a new trial all of his bills of exception, his motion in arrest of judgment, and alleges that during the trial of the case the jury was permitted to attend a moving picture show in the town of Ville Platte where the picture “Song of Bernadette” was being shown, which he alleges did not come to his knowledge until after the verdict was rendered. We have already discussed the bills of exception and the motion in arrest of judgment. The only ques
 
 *780
 
 tion in this bill that has given us concern is the attendance Of the jury at the picture show.
 

 Upon the hearing of this motion for a new trial, the State proved, by the deputy who attended the jury, two of the employees of the picture show, the jurors, and the sheriff who was also a guest of the show but not in charge of the jury, that no communication had been made to any of the jurors. The defense offered no testimony to the contrary. The jurors were kept together at all times and were never separated. While the rows of seats immediately in front and to the rear of them were occupied by other persons, yet there is nothing in the evidence to show that there was any attempt to communicate with any of the jurors. Under the provisions of Article 394 of the Code of Criminal Procedure, jurors must be kept together under the charge of an officer in such a way as to be secluded from all outside communication. The question of isolation of a jury has been passed on by many of the courts. In this State, in the case of State v. Clary, 136 La. 589,
 
 67
 
 So. 376, this Court would not disturb a verdict of manslaughter rendered in a trial for murder because the jury had attended two picture shows under circumstances similar to those involved herein. In the case of State v. Oteri, 128 La. 939, 55 So. 582, Ann.Cas. 1912C, 878, while a jury was engaged in the trial of a murder case, a barber was permitted to enter the jury room to shave and trim the hair of members of the jury. This Court refused to set aside the capital verdict. In the case of State v. Hogan, 157 La. 287, 102 So. 403, this Court refused to set aside a capital verdict on account of the jury being permitted to enter a store where one of the jurors purchased a shirt, in the absence of any showing of prejudice. In the case of State v. Dallao, 187 La. 392, 175 So. 4, this Court refused to set aside a capital verdict where the jury was permitted to go to the home of the foreman, wh,ere no one was present except a servant, and partake of spirituous liquors, while at the same time one of the jurors used an extension telephone and held a brief conversation with his wife. The court stated therein, in effect, that it would be pushing technicalities too far to set the verdict aside when there is no reasonable room for any reasonable hypothe-, sis of misconduct.
 

 The rule requiring the isolation of a jury against improper influences does not appear to preclude the allowance of recreation and exercise to the jury, and seems to be well stated in 53 Am.Jur. 623, Sec. 853, as follows: “While the practice of allowing jurors impaneled in important criminal cases to attend public entertainments or services should not ordinarily be permitted, in the absence of any showing that the defendant’s rights were thereby prejudiced the mere fact that such indulgence is granted is not in itself sufficient reason for setting aside a verdict.!’
 

 
 *782
 
 ■ This view is supported by the cases referred to in the following annotations: see 34 A.L.R. 1186; 14 Ann.Cas. 534; Ann.Cas. 1918B, 855.
 

 There is nothing in this record to show that the accused has been prejudiced or that anything was done that might have had a tendency to influence the verdict of the jury.
 

 The cases cited by counsel for the defendant are not applicable. In the case of State’ v. Beatty, 30 La.Ann. 1266, the conviction and sentence were affirmed. There is some obiter in the opinion indicating that the court would have set aside the verdict if it were true and had been properly brought before them that the jury went to a public saloon without the permission of the trial court and drank spirituous liquors. In State v. Craighead, 114 La. 84, 38 So. 28, seven prospective jurors who had not been accepted and sworn were permitted, over the objection of counsel for the accused, to spend the night in company with five accepted jurors. Under such circumstances, every opportunity was afforded the seven unaccepted jurors to communicate with those who had been accepted. In State v. Swain, 180 La. 20, 156 So. 162, the court affirmed the verdict and sentence where there was only a momentary separation of the jury. In State v. Towns, 205 La. 530, 17 So.2d 814, the court refused, over the objection of the defendant, to permit jurors who had not been accepted and sworn to retire to the jury room with accepted jurors. On appeal this Court stated in effect that the trial court correctly refused to permit the unaccepted jurors to commingle with those who had been accepted and sworn to try the case.
 

 For the reasons assigned, the conviction and sentence are affirmed. -
 

 O’NIELL, C. J., dissents from ruling on Bill No. 10.