346 So.2d 169 (1977)
STATE of Louisiana
v.
Clifford KEYS.
No. 59005.
Supreme Court of Louisiana.
May 16, 1977.
*170 J. Harold Fontenot, Opelousas, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Robert Brinkman, First Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant Clifford Keys was charged with the simple burglary of the Medical Arts Center located at 437 Moosa Boulevard, Eunice, Louisiana, a violation of R.S. 14:62. On January 22, 1975 a jury of twelve found the defendant guilty as charged by a vote of eleven to one. The defendant was sentenced to serve nine years at hard labor with credit for time served. On appeal the defendant presents a single argument for reversal of his conviction and sentence.
After the State had put on five witnesses, defense counsel informed the trial judge that he did not feel that the defendant was competent to proceed any further or to assist in his defense. At this point the trial judge suspended the regular trial proceedings and held a hearing, outside of the presence of the jury, on the defendant's capacity to proceed. The defendant was permitted to take the stand for the limited purpose of testifying as to his present mental capacity. At the conclusion of the hearing, the trial judge refused to order a mental examination of the defendant and ruled that the defendant was competent to proceed. The defendant assigns as error these rulings of the trial judge.
Articles 641 and 642 of the Code of Criminal Procedure provide:
"Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense." C.Cr.P. 641.
"The defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed." C.Cr.P. 642.
Therefore, the trial judge acted properly in halting the regular proceedings and in conducting a hearing on the defendant's capacity. However, the fact that the defendant's capacity to proceed is called into question during trial does not, for that reason alone, require the trial judge to order a mental examination of the defendant. At the time of defendant's trial, C.Cr.P. 643 provided:

*171 "The court may order a mental examination of the defendant when it has reasonable ground to doubt the defendant's mental capacity to proceed. If the defendant does not have counsel when a mental examination is ordered, the court shall appoint counsel to represent him prior to and at the hearing on the question of present capacity to proceed." (Emphasis added).
The Official Revision Comments to that article provide in pertinent part:
"(a) The ordering of a mental examination as to the defendant's present capacity to proceed rests in the sound discretion of the court. It is not enough that the defense has filed a motion urging the defense, but there must be sufficient evidence to raise a reasonable doubt as to such capacity. Art. 267 of the 1928 Code providing for the defense of present unfitness, has been similarly construed in State v. Ridgway, 178 La. 609, 152 So. 306 (1934); State v. Neu, 180 La. 545, 157 So. 105 (1934); State v. Messer, 194 La. 238, 193 So. 633 (1940); State v. Washington, 207 La. 849, 22 So.2d 193 (1945); State v. Ledet, 211 La. 769, 30 So.2d 830 (1947); State v. Green, 221 La. 713, 60 So.2d 208 (1952). If there is a substantial doubt as to the defendant's mental capacity it is an abuse of discretion for the trial judge to refuse to order a mental examination. See State v. Allen, 204 La. 513, 15 So.2d 870 (1943)." (Emphasis added).
Therefore, for the trial judge to order a mental examination, he must have reasonable grounds to doubt the defendant's mental capacity to proceed. That decision rests within the sound discretion of the trial judge. C.Cr.P. 643; State v. Hargrove, 330 So.2d 895 (La. 1976);State v. Nix, 327 So.2d 301 (La. 1976); State v. Luquette, 275 So.2d 396 (La. 1973) and cases cited therein at 398.
The transcript of the hearing reveals that the defendant understood that he was on trial for simple burglary, what the consequences of acquittal or conviction would be, and what the functions of the judge and the jury were. In addition, he understood plea bargaining, cross-examination of witnesses and the function and operation of voir dire. In fact, defendant's principal complaint was that he was apparently dissatisfied with the representation he was receiving from his trial counsel. The defendant had not demonstrated that he was unable to proceed with trial. The record fully supports the ruling of the trial judge. There was no abuse of discretion in the trial judge's refusal to order a mental examination of the defendant.
Accordingly, the conviction and sentence of the defendant are affirmed.