TATE, Justice.*
The defendant was convicted of three counts of armed robbery, La.R.S. 14:64, and *1024 sentenced to 99 years on each count, sentences to run concurrently. Upon his appeal, he urges eight assignments of error.
Seven of the assignments present no reversible merit,[1] and we conditionally affirm the conviction.
However, Assignment 4, for the reasons to be set forth, requires us to remand this case for proceedings to determine whether there is reasonable ground to doubt the defendant’s mental capacity to proceed and to assist counsel. La.C.Cr.P. arts. 641, 643.

Assignment 4

After the noon recess on the first day of the trial, the defendant’s counsel moved the court to appoint a sanity commission to determine the accused’s mental capacity to assist in his defense. La.C.Cr.P. art. 641. He relies upon La.C.Cr.P. art. 642, which provides that the accused’s mental capacity to proceed “may be raised at any time” and that no further steps in the prosecution shall be taken “until the defendant is found to have the mental capacity to proceed.”
The defendant’s counsel based his motion upon several circumstances: the defendant’s furnishing him alibi witnesses who (it turned out) were to an event three days earlier than one of the robberies, and the defendant’s insistence that these witnesses testify; the defendant’s apparent inability to assist counsel in locating and examining witnesses (and his consistent misinformation as to them). Counsel further stated that, in his opinion, the accused did not understand the seriousness or complexibility of the charges and that the accused could not recall or relate the facts with any consistency.
In denying the motion, the trial court relied upon the circumstance that the trial attorney had been representing the accused for almost two months, yet did not raise the issue until after the jury was selected and during the first day of the trial. The trial court apparently accepted the state’s arguments that a distinction should be made between a non-cooperative attitude on the part of the defendant and a mental incapacity to proceed. The state noted that the defendant had been in court before on several motions without any issue of mental incapacity being raised until after the jury was sworn.
The difficulty with the state’s argument is that the accused had never testified in any of these proceedings. Therefore, the trial court itself had no previous opportunity to become acquainted with the accused’s mental capacity, aside from observing him sitting at the counsel table during the brief hearing on pre-trial motions held two weeks prior to the trial.
The trial court need not appoint a sanity commission unless it has reasonable cause to doubt the accused’s mental capacity. La.C. Cr.P. art. 643. Nevertheless, defense counsel does not appear to have been unreasonable in requesting the court to “independently interview the defendant on the witness stand and determine for itself the allegations of incompetency” made by him.
Counsel apologized to the court for raising the issue so late. He explained that he did not himself become seriously concerned with the accused’s mental incapacity to assist in his defense until the weekend before and during the morning of the trial, when the accused refused to take seriously the overwhelming evidence against him in conversations between him, his mother, and defense counsel. Counsel had earlier noted to the court that the accused'insisted that he call certain alibi witnesses to testify who would hurt rather than help his case.
Under these circumstances, where non-frivolous allegations were made by defense counsel, the trial court was required to allow “no further steps in the criminal prosecution . . . until the defendant is found to have the mental capacity to proceed.” La.C.Cr.P. art. 642. See also State v. Gunter, 208 La. 694, 23 So.2d 305 (1945).
*1025 In State v. Keys, 346 So.2d 169 (La.1977), likewise the issue was raised in mid-trial. There, the trial court halted the proceedings and determined, by interrogating the accused, whether reasonable ground to doubt the accused’s mental capacity required the appointment of a lunacy commission.[2] (It did not).
In the instant ease, the trial court was in error in not following a similar procedure. This is required by La.C.Cr.P. art. 642, when the issue of the accused’s mental incapacity is raised by non-frivolous contentions, and the trial court has not itself been previously able to satisfy itself as to whether or not there is “reasonable ground to doubt the defendant’s mental capacity to proceed”, La.C.Cr.P. art. 643.
The trial court may indeed satisfy itself, by interrogating the defendant, that there is no substantial reason to doubt the accused’s mental capacity. If not, it is not required to appoint a sanity commission. However, it seems to us, it could not consistently with La.C.Cr.P. art. 642 ignore, as belated, substantial allegations of incompetency raised by the accused’s counsel after the commencement of the trial (at least, where counsel offered a reasonable explanation for not raising the issue earlier).

Decree

We therefore affirm the defendant’s convictions and sentences, conditioned upon the following:
The case is remanded for the trial court to make a determination, by interrogation of the accused and considering such other evidence as may be offered, as to whether reasonable grounds exist to order a mental examination as required by La.C.Cr.P. art. 642.
Should the trial court determine either that no reasonable ground requires a mental examination or, if mental examination is required, that the defendant is (was) competent to assist in his defense and to stand trial, then the convictions and sentences will not be disturbed as affirmed. (However, the defendant is reserved the right to apply for supervisory review of the final determination in the trial court as to his competency.)
If, on the other hand, the trial court determines that the defendant was incompetent to stand trial, the verdicts must be set aside, and the defendant be remanded to a proper mental institution for custody, care, and treatment in accordance with La.C.Cr.P. art. 648. See State v. Bennett, 345 So.2d 1129 (La.1977).
CONVICTIONS CONDITIONALLY AFFIRMED; CASE REMANDED FOR MENTAL COMPETENCY DETERMINATION.
SUMMERS, C. J., dissents.
BLANCHE, J., dissents and assigns reasons.

 Judge Cecil C. Cutrer, Louisiana Court of Appeal, Third Circuit participated in this decision as an Associate Justice Ad Hoc.

. We discuss them in an appendix to this opinion, which will not be published but will remain a public record of this court.

. In State v. Burnette, 337 So.2d 1096 (La.1976), we found no error in the trial court’s refusing to follow this procedure when a mid-trial motion questioning mental capacity was made. There, however, the trial court had the opportunity for extended observation of the accused, who moreover had personally filed and argued motions before the court.