# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1491

**STATE OF LOUISIANA**

**VERSUS**

**ISHMEL JOEL ENNIS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NUMBER CR-4580-00-1
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLIE COLOMBARO WOODARD
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billie Colombaro Woodard, and Marc T. Amy, Judges.

**AFFIRMED AS AMENDED AND REMANDED WITH INSTRUCTIONS.**

**COOKS, J., concurs in part, dissents in part and assigns written reasons.**

Mr. Bennett R. LaPoint, Assistant District Attorney
Michael Cade  Cassidy, District Attorney
Jefferson Davis Parish
Post Office Box 1388
Jennings, Louisiana 70546
(337) 824-1893
COUNSEL FOR PLAINTIFF/APPELLEE:
        State of Louisiana

Charles Gary  Wainwright
2739 Tulane Avenue
New Orleans, Louisiana 70119
(504) 827-9900
COUNSEL FOR DEFENDANT/APPELLANT:
        Ishmel Joel Ennis

WOODARD, Judge.

The Defendant appeals his conviction for possession of 400, or more, grams of cocaine. For the following reasons, we affirm his conviction, amend his sentence, and remand the case to the trial court with instructions to amend the minutes of sentencing.

\* \* \* \* \*

On June 26, 2000, the Defendant, Mr. Ishmel Joel Ennis, and his passenger, Mr. Eric Lamont Summers, were driving on Interstate 10 in Jefferson Davis Parish when Officer Arthur Phillips pulled them over for an alleged traffic violation. After obtaining a written consent to search the vehicle, Officer Phillips and Deputy Monty Kirk Chevallier, who came to the scene to assist, discovered cocaine hidden under the vehicle's hood. They arrested both men. Officer Phillips' police car video camera recorded the search and arrests.

The State charged Mr. Ennis with possession of over four hundred grams of cocaine in violation of La.R.S. 40:967(C) and (F). A jury found him guilty. The trial court sentenced him to thirty years at hard labor, with at least fifteen years to be served without parole, along with a two-hundred-fifty-thousand-dollar fine. He seeks review of his conviction.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find two.

First, the trial court imposed sentence immediately after denying Mr. Ennis' "Motion for Post Verdict Judgment of Acquittal and/or Motion for a New Trial," despite La.Code Crim.P. art. 873's requirement that it delay sentencing for twenty-four hours after denying a motion for new trial. Nonetheless, Mr. Ennis neither challenges his sentence nor alleges any prejudice because of the lack of a delay. Accordingly, we find the error harmless.[1]

---

[1] *See State v. Shepherd*, 02-1006 (La.App. 3 Cir. 3/5/03), 839 So.2d 1103.

1

However, the trial court imposed sentence under the version of La.R.S. 40:967(F)(1)(c) in effect at the time of trial rather than at the time of the offense. At the time of the offense, the statute provided for a minimum term of imprisonment of thirty years at hard labor, with a maximum term of sixty years. However, by the time of trial, the legislature had amended the statute, decreasing the minimum sentence to fifteen years at hard labor with a maximum of thirty years.

Thus, the trial court imposed a thirty-year sentence, at which time, the prosecutor informed the court that by statute "at least the first fifteen (15) years of the sentence are without benefit of parole," to which the trial court responded, "[t]hat is correct. I think the statute provides for that." Louisiana Revised Statute 40:967(G) mandates that the minimum sentence for possession of cocaine weighing 400 grams or more be served without benefit of parole. However, since the minimum sentence at the time of the offense was thirty years, Mr. Ennis' sentence is illegally lenient, as all thirty years should be without benefit of parole. Because the term of parole ineligibility required in the present case is mandatory, leaving no discretion to the trial court, we need not remand for sentencing. Rather, we amend the sentence to reflect that the thirty years are without benefit of parole.

Additionally, the trial court ordered Mr. Ennis to pay a two-hundred-fifty-thousand-dollar fine, but the minutes of sentencing do not reflect it. Thus, we remand the case and order the trial court to amend the minutes of sentencing to correctly reflect the imposition of the two-hundred-fifty-thousand-dollar fine.

**MOTION TO SUPPRESS**

Officer Phillips stopped Mr. Ennis' vehicle for illegal lane usage because he claimed he crossed the fog line. Mr. Ennis contends that the trial court erred in denying his motion to suppress the evidence that the officers seized from his vehicle, in which he argued the officers did not have probable cause for the stop and detained him at the scene beyond the scope of a permissible traffic stop. However, this court has already exercised supervisory jurisdiction and affirmed the trial court's denial of the motion in an unpublished writ opinion.[2] Notwithstanding, we are not absolutely precluded from reaching another conclusion on appeal, now having the benefit of

_____

[2] *State v. Ennis*, 02-467 (La.App. 3 Cir. 12/30/02).

2

additional evidence adduced at trial.[3] "Nevertheless, judicial efficiency demands that [we] accord great deference to [our] pretrial decisions on admissibility, unless it is apparent, in light of the subsequent trial record, that the determination was patently erroneous and produced an unjust result."[4]

The only new evidence that Mr. Ennis offered at trial consisted of John Roger Sutherland's testimony. Sutherland, an expert in vehicle alignment, testified that he examined Mr. Ennis' vehicle and concluded that his front right tire could not have crossed the fog line on the highway without his right rear tire also crossing the line. Mr. Ennis offered Mr. Sutherland's testimony in an attempt to diminish Officer Phillips' credibility and impeach his testimony that he pulled Mr. Ennis over when his right front tire crossed the line. When asked if the right front tire, only, crossed the line, Officer Phillips answered, "yes," but we also recognize that Officer Phillips repeatedly testified that he got behind Mr. Ennis' vehicle, initially, because he was riding the line, or straddling the line. This is consistent with the citation Officer Phillips issued which lists the violation as "improper lane usage."

Apparently, the jury did not find Mr. Sutherland's testimony sufficient to cast doubt on Officer Phillips' credibility nor do we find it sufficient to render our previous decision patently erroneous. Furthermore, Mr. Sutherland did not examine the car until the day before trial and testified that he could not give an opinion about the condition of the vehicle at the time of Mr. Ennis' arrest, approximately three years earlier.

Thus, we find no additional evidence in the record that would support a finding that our prior decision was patently erroneous.

SUFFICIENCY OF EVIDENCE

Mr. Ennis contends that the verdict is contrary to the law because the evidence was insufficient to convict him of possession of cocaine. "It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II . . . ."[5] "Cocaine is a Schedule II controlled dangerous

---

[3] *State v. Humphrey, on rehearing*, 412 So.2d 507 (La.1981).

[4] *Id*. at 523.

[5] La.R.S. 40:967(C).

substance."[6]   The State's burden was to prove beyond a reasonable doubt that Mr. Ennis possessed  four hundred grams or more[7] of cocaine and that he knowingly or intentionally possessed it; in other words, that he had "guilty knowledge."[8]

> When the issue of sufficiency of the evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.  It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review.[9]

*Possession*

In the instant case, police officers found the cocaine, not on Mr. Ennis' person, but, rather, under the hood of his vehicle.  However, if the cocaine was subject to his dominion and control, he had constructive possession, which is sufficient to prove this element of the offense.[10]  His passenger, Mr. Summers, testified that he did not know there were drugs in the vehicle and that the drugs did not belong to him.  Mr. Ennis was driving the vehicle in which the cocaine was found.  He admitted, and the registration proved, that he, in fact, owned the vehicle.  Thus, he possessed the cocaine by exercising dominion and control over his vehicle.

Further, the State proved that Mr. Ennis possessed over four hundred grams of cocaine by introducing into evidence the cocaine and the Southwest Louisiana Criminalistics Laboratory's uncontradicted report, stating that it was 446.91 grams of cocaine.  Further, the State traced the chain of custody of the cocaine through the testimonies of Officer Phillips, Officer Chevallier, and two evidence custodians for the Jefferson Davis Parish Sheriff's Department, along with the evidence bag

---

[6]La. R.S. 40:964.

[7]La.R.S. 40:967(F)(1)(C).

[8]*State v. Jones*, 94-1261 (La.App. 3 Cir. 5/17/95), 657 So.2d 262.

[9]*Id*. at 268 (citations omitted).

[10]*State v. Sweeney*, 443 So.2d 522 (La.1983).

containing the cocaine and the Department's log book. While the defense raised questions based on the illegibility of a number in one of the log book's dates and the fact that the records indicated that the cocaine was received in the evidence room at the same time that Officer Phillips actually took possession of it at the time of the stop, we cannot say that the jury was manifestly erroneous in finding that the State met its burden of proving chain of custody of the cocaine by a preponderance of the evidence.[11]

*Guilty Knowledge*

Both Mr. Ennis and Mr. Summers described the shopping trip in Houston from which they were returning to New Orleans. Officer Phillips testified that when he learned of their origination and destination, he grew suspicious because a lot of drug dealers go to Houston to get narcotics.

Furthermore, both officers at the scene testified that they smelled cologne in the car, although Officer Chevallier disagreed with Officer Phillips that a strong odor of cologne emanated from Mr. Ennis, himself. Officer Phillips explained that he has known drug traffickers to use cologne to mask the odor of narcotics. Both officers testified to a strong scent of cologne under the hood and on a sweatshirt that enveloped the cocaine. Additionally, the amount of drug contraband seized, which is over 400 grams in the instant case, has some bearing on a defendant's guilty knowledge.[12]

Further, Deputy Daniel Semmes, who interviewed Mr. Ennis a few days after his arrest, explained that his follow-up investigation revealed that Mr. Ennis had ninety thousand dollars in certificates in his savings account, which was suspicious, considering that he was arrested with a quantity of cocaine.

Officer Phillips testified that when Mr. Ennis was arrested, he said his life was over and indicated he was a third offender. Mr. Ennis denied making this statement but admitted that he had been convicted twice before, each time for possession of one piece of crack cocaine. Likewise, Deputy Semmes testified that Mr. Ennis said he was a "three-time loser."

_____

[11]*See State v. Sharp*, 414 So.2d 752 (La.1982).

[12]*Jones*, 657 So.2d 262.

This conflicting testimony presented a question of credibility which the jury apparently resolved in the officers' favor. We "should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review."[13] Additionally, the jury had the opportunity to observe Mr. Ennis' conduct and behavior when he testified in his own defense and when they viewed the video tape of the stop, even though the audio was inadvertently switched off a couple of times and outside noise diminished the audio at times, as well.

**MOTION TO RECUSE**

Mr. Ennis contends that the trial court incorrectly denied his motion to recuse the District Attorney's Office. He advanced two different theories to justify recusal, one concerning Assistant District Attorney, Mr. Bennett LaPoint; the other concerned Assistant District Attorney, Mr. Richard Arceneaux.

He alleged that Mr. LaPoint had a personal interest in the outcome of the case which conflicted with a fair and impartial administration of justice, requiring recusal under La.Code Crim.P. art. 680(1). This court, exercising supervisory jurisdiction, has already affirmed the trial court's denial of recusal on this basis in an unpublished writ opinion.[14] This does not preclude reconsideration on appeal, but we are required to give "great deference to [our] pretrial decision unless it is apparent that the determination was patently erroneous and produced unjust results."[15]

Mr. Ennis claimed that when Detective Semmes conducted his follow-up investigation on him, he obtained information concerning the lien on his vehicle, over the telephone, from the president of the New Orleans Municipal Employees Credit Union (NOME). He further asserts that because of Detective Semmes' discussion with NOME's president, NOME used pledged funds to pay off the vehicle, cancelling the loan and removing the lien. Mr. Ennis alleges that Detective Semmes, first, obtained this information and counseled NOME's president to take action to clear the

---

[13]*Id.* at 268.

[14]*State v. Ennis*, 03-040 (La.App. 3 Cir. 1/14/03).

[15]*State v. Guillory*, 97-179, p. 15 (La.App. 3 Cir. 3/11/98), 715 So.2d 400, 410, *writ denied*, 98-955 (La.10/9/98), 726 So.2d 17.

6

vehicle's title and, subsequently, obtained a subpoena deuces tecum for NOME's records so that the title would be clear of the lien when NOME produced the documents in response to the subpoena. He adds that once it was obtained, this subpoena was faxed rather than properly served on NOME. Mr. Ennis has instituted a civil suit based on these allegations.

We agree with the trial court that NOME's alleged improper release of information is best addressed in the civil suit. It does not prove that Mr. LaPoint has any personal interest in the case which biases him against Mr. Ennis.

The only allegation against Mr. LaPoint is that he knew Detective Semmes had received this information from NOME and, subsequently, issued the subpoena, anyway. Mr. Ennis asserts that Mr. LaPoint has a personal interest in the outcome of this case because the funds that would be gained from the seizure and sale of his vehicle would be distributed among certain agencies, including Mr. LaPoint's office. However, the forfeiture is a separate proceeding, unrelated to Mr. Ennis' criminal case. And as the trial court pointed out, "the fact that there's a forfeiture proceeding if that forms a basis for a recusal then there would be a recusal every time a forfeiture proceeding was initiated." We agree. The opportunity to receive proceeds from a sale arises in every forfeiture proceeding. It does not demonstrate any personal bias Mr. LaPoint has toward Mr. Ennis.

Mr. Ennis, also, argued that La.Code Crim.P. art. 680(3) required recusal because "Mr. Arceneaux consulted with Ennis and then switched sides." Louisiana Code of Criminal Procedure Article 680(3) requires recusal when a district attorney "[h]as been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney."

At trial, Mr. Ennis proffered Mr. Arceneaux's testimony, explaining that he represented Mr. Ennis' co-defendant Eric Summers until he was hired by the District Attorney's Office. Mr. Arceneaux consulted with Mr. Summers, in Mr. Ennis' presence, and responded to a question Mr. Ennis asked him; however, Mr. LaPoint handled Mr. Ennis' prosecution and Mr. Ennis has failed to allege how he was prejudiced by Mr. Arceneaux's employment as an assistant district attorney or that Mr. LaPoint based its prosecution on any knowledge acquired through Mr. Arceneaux's prior consultation.

7

Accordingly, the trial court properly denied Mr. Ennis' motion to recuse the District Attorney's Office.

**MISTRIAL**

Mr. Ennis contends the trial court erred when it failed to declare a mistrial after learning that someone in the jury pool was an undercover narcotics agent. Someone in the jury pool, upon seating the second panel of prospective jurors, informed the trial judge that he needed to talk to the judge "for reasons I can't publically [sic] say." Shortly thereafter, he approached the bench and spoke to the judge. The trial court held a bench conference and informed both counsel for the State and the Defendant that the prospective juror had done work as an undercover narcotics agent.

The State challenged him for cause, but defense counsel objected to dismissing him without further questioning to elicit details and to prove that he was an undercover agent. The State then exercised a peremptory challenge, and the trial court excused him.

> La.C.Cr.P. art. 775 requires a mistrial on motion of the defense when "prejudicial conduct inside or outside the courtroom makes it impossible for the defendant to receive a fair trial." However, mistrial is a drastic remedy that is warranted only when the defendant has suffered substantial prejudice such that he cannot receive a fair trial. The determination of whether actual prejudice has occurred lies within the sound discretion of the trial judge, and this decision will not be overturned on appeal absent an abuse of that discretion.[16]

Apparently, defense counsel was concerned about possible conversations the agent may have had with other prospective jurors. However, defense counsel did not base his motion for a mistrial on this concern but commented about it after his motion was denied. Further, defense counsel neither offered evidence, nor alleged how the agent's presence during jury selection had prejudiced the Defendant. Additionally, the State used a peremptory challenge against the agent. Accordingly, this assignment of error lacks merit.

---

[16]*State v. Clark*, 02-1463, p. 31 (La. 6/27/03), 851 So.2d 1055, 1079, *cert. denied*, __ U.S. __, 124 S.Ct. 1433(2004) (citations omitted).

8

**J**URY **S**ELECTION

Mr. Ennis contends the trial court committed reversible error when it denied his challenge for cause of a prospective juror, Ms. Judy Landry. During voir dire, Ms. Landry informed the court that her husband, two brothers, and a cousin worked at the Jefferson Davis Parish Sheriff's Department. The Defendant challenged Ms. Landry for cause based on her association with law enforcement, but the trial court denied the challenge.

"To prove there has been reversible error warranting a reversal of the conviction and sentence, the defendant need only show: (1) the erroneous denial of a challenge for cause; and (2) the use of all his peremptory challenges."[17]

Mr. Ennis contends in brief to this court that he exhausted all his peremptory challenges. However, a review of the record indicates he used eleven peremptory challenges while empaneling the twelve member jury. After the twelfth juror was seated, the court asked if he would like to use his last peremptory challenge to backstrike anyone. Defense counsel indicated he did not and said he would save his last peremptory challenge. The court then informed the attorneys that it would proceed to seat one alternate juror and each side would have one peremptory challenge to use during selection of an alternate juror. The Defendant used his peremptory challenge against the first alternate.

Pursuant to La.Code Crim.P. art. 789, "[t]he regular peremptory challenges allowed by law shall not be used against [] alternate jurors." Thus, defense counsel did not exhaust his peremptory challenges. Additionally, the Defendant has not alleged he suffered prejudice because of the trial court's denial of his challenge for cause against Ms. Landry.

Accordingly, there is no merit to this argument.

**CONCLUSION**

We find no merit to any of Ennis' arguments; therefore, we affirm his conviction. We amend his sentence to thirty years at hard labor, the entirety of which is without benefit of parole. Further, we remand the case and instruct the trial court

---

[17]*State v. Taylor*, 99-1311, p. 6 (La. 1/17/01), 781 So.2d 1205, 1213, *cert. denied*, 534 U.S. 844, 122 S.Ct. 106 (2001) (citations omitted).

to amend the minutes of sentencing to correctly reflect the imposition of a two-hundred-fifty-thousand-dollar fine.

**AFFIRMED AS AMENDED AND REMANDED WITH INSTRUCTIONS.**

STATE OF LOUISIANA

VERSUS

ISHMEL JOEL ENNIS

**COOKS, J., concurs in part, dissents in part.**

I disagree with the portion of the opinion directing that the sentence be corrected to require all thirty years be served without the benefit of parole. The trial judge is not powerless to deviate from the mandatory minimum if he deems it excessive as applied to this particular defendant. The trial judge need only articulate a basis for the deviation. *State v. Lindsey,* 1999-3302 (La. 10/17/00), 770 So. 2d 339. The case should be remanded to the trial court to correct the sentence as statutorily required or to articulate reasons for the downward deviation. In all other respects, I agree with the majority opinion.