174 So. 91

**STATE v. McMANUS.**

No. 34259.

March 29, 1937.

D. D. Newman, of Leesville, for relator.

Edwin M. Fraser, Dist. Atty., of Many, and James O'Connor, Asst. Atty. Gen., for respondent.

PONDER, Justice.

The defendant applied to this court for writs of mandamus, certiorari, and prohibition to compel the district judge to grant an order to subpœna three certain mental experts to testify in his behalf at a hearing

on a plea of present insanity and to prohibit the judge from proceeding further in the case until such time as the attendance of said expert witnesses can be had and paid for by the parish. The writs were granted, a rule nisi issued, and the matter was submitted for determination.

Upon examination of the record, we find that the defendant was indicted for the crime of murder; that, prior to arraignment, the defendant, through his counsel, under the provisions of Act No. 136 of 1932, filed a plea of present insanity, petitioning the court to appoint mental experts to examine into the present mental condition of the accused; that the district judge appointed the mental experts, as provided for by the act, to examine the accused and to report to the court their findings; that the experts, in pursuance to the order of court, examined the accused, as provided for by the act, and reported to the court that the accused is able to appreciate the usual, natural, and probable consequences of his acts, that he is capable of judging between right and wrong, and that he was sane at the time of the alleged commission of the crime and is sane at the present time; that the district judge fixed a day for a hearing to determine whether or not the defendant is presently insane; that, prior to the date of the hearing, the defendant, through his counsel, applied to the court for compulsory process for the attendance of three mental experts, other than the ones appointed by the court, to appear on the date of the hearing, and that said experts be paid by the parish; that the district court refused to grant the order, whereupon the defendant applied to this court for the writs above mentioned to compel the district judge to grant the order and to prohibit him from proceeding further in the case until attendance of the expert witnesses may be had to testify in his behalf.

Relator contends that, on the hearing of the plea of present insanity, he has a right to subpœna mental experts in addition to the two experts so appointed by the court and to have compulsory process for obtaining the witnesses to testify in his behalf, at the expense of the parish of Vernon; and that the ruling of the district court, on the ground that the parish was unable to pay for such additional expert witnesses, would be equivalent to holding that he was entitled to only two witnesses to testify in his behalf.

The state contends that, under the provisions of Act No. 136 of 1932, viz.: "The court may appoint two disinterested qualified experts in mental diseases to examine the defendant in regard to his present mental condition and to testify at the hearing," it is discretionary with the court for the reason that the word "may" is used in the act; that the disinterested, qualified experts appointed by the court under the provision of the act are not the witnesses of either the state or the accused; and that the act does not provide for any additional experts either for the state or the accused.

The district judge, in his return, states that he is of the opinion that, under the provisions of the act, the appointment of a lunacy commission is within the discretion of the court; that, however, he appointed the commission at the request of relator; that the commission so appointed is supposed to represent neither the accused or

the state, but to make a fair representation of both; that, since he has afforded the relief sought, the defendant is not entitled to other experts at the expense of the parish; that, in his opinion, Act No. 136 of 1932 was passed to give relief to the parishes, by not compelling the summoning of experts from various parts of the state at an enormous expense to the parish; that he would gladly summons the experts if the defendant would pay the expense; and that there is no complaint made that the commission so appointed was not disinterested, qualified experts. The court refused to grant the order and relator applied to this court for the above-mentioned writs which were granted and a rule nisi issued herein.

The sole question presented for our determination is whether or not the accused is entitled to an order of court for compulsory process for the attendance of the additional expert witnesses at the expense of the parish.

Upon examination of Act No. 136 of 1932, we find it provides that the court may appoint two disinterested mental experts to examine the mental condition of the accused and report their finding to the court. We further find it provides that other evidence regarding the defendant's mental condition may be introduced at the hearing by either party, meaning either the state or the defense.

Under the plain terms of the act, provision is made for the payment of the fees and traveling expenses of the experts, appointed by the court. The last paragraph of section 1 of Act No. 136 of 1932 reads as follows:

"When expert witnesses are appointed by the court as hereinabove provided, they shall be allowed such fees as the court in its discretion deems reasonable, having regard to the services performed by the witnesses, and they shall be reimbursed a reasonable amount for their traveling expenses. The fees so allowed shall be paid by the parish where the indictment was found or the information filed."

After a careful examination of all the decisions interpreting Act No. 136 of 1932, we find that this court has held, "Question whether there is reasonable ground to believe defendant presently insane so as to require appointment of [two mental] experts to examine defendant is addressed to sound discretion of court." State v. Ridgway, 178 La. 606, 152 So. 306.

In the case of State v. Eisenhardt, 185 La. 308, 169 So. 417, 418, this court held:

"Under statute providing for appointment of lunacy commission and a hearing as to mental condition of an accused, a plea of present insanity must be disposed of on the day fixed for trial but in advance of the merits, as such plea affects mental capacity of defendant to understand proceedings against him or to assist in his defense, but plea of insanity at time of commission of crime must be tried on merits on day fixed for trial, as it involves facts affecting guilt or innocence of defendant." Also,

"Statute providing for appointment of a lunacy commission and a hearing to determine mental condition of an accused held constitutional under police power, in view of purpose to avoid 'medical quacks' and fabricated pleas of insanity, and provision

that appointment of expert should not preclude state or defendant from calling expert witnesses to testify at trial."

Nowhere in the act do we find any provision for any additional mental experts to be provided for by the court for either the state or the accused. In view of the fact that the act provides that fees and traveling expenses of the two experts, appointed by the court, shall be paid by the parish and does not provide for the payment of any additional experts to be summoned by either state or defense, shows clearly that it was not the intention of the lawmakers to assess fees and traveling expenses on the parish for any additional mental experts that might be summoned. It is to be noted that, even in the provisions for payment of fees and expenses of the two experts appointed by the court, the amount allowed for such fees and expenses is left to the discretion of the court. In construing the act as a whole, we do not think it was ever contemplated by the lawmakers that additional experts should be summoned and fees and traveling expenses allowed at the expense of the parish, other than those so appointed under the plain provisions of the act. To hold otherwise, a defendant could summons many experts from distant points in the state and the fees and traveling expenses would be a great burden to the parish, and the courts would be confronted with many motions for continuances because of the failure of either of the witnesses to be present at the hearing. The purpose of the hearing is not to determine the guilt or innocence of the defendant, but to determine whether or not he is able to understand the proceedings and to assist in his defense. It is to be borne in mind that the two experts, appointed by the court, are disinterested. They are neither the witnesses of the state or the defense. The mere fact that they find the defendant sane does not make them the witnesses of the state. The defendant, under the provisions of the act, may apply to the court to have two disinterested experts examine him and report their findings to the court regardless of their decision, be it either in favor of the defendant or against him. There is no complaint in this case, and there could be none, that the experts appointed by the court are not disinterested and qualified.

The fact, that the act leaves to the discretion of the court the right to appoint the two mental experts at the expense of the parish and at the same time does not provide for the payment by the parish of the fees and expenses of any other experts, shows that it was never the intention of the lawmakers that the parish should pay fees and expenses of additional experts.

It is true that the act does state that other evidence may be introduced by either party. This court in the case of State v. Eisenhardt, supra, held that either side may have experts to testify in their behalf, but the question of whether the parish should pay the fees and expenses of such additional experts was not presented or passed on in that case. The learned judge in the instant case stated that he would gladly summon the additional experts if the defendant would pay the experts' fees and traveling expenses.

Since the act makes special provision for a fair and careful examination of an accused by disinterested experts and for the

payment of their fees and expenses by the parish, and since it does not provide for additional experts or for the payment of their fees and expenses, we could not interpret the provision in the act which permits either side to offer evidence to mean that the parish would have to pay the fees and expenses of other or additional experts that may be summoned at the hearing.

Therefore, we conclude that the defendant is not entitled to have the parish pay fees and traveling expenses of additional experts who may be summoned to testify at the hearing of present insanity and that the refusal of the district judge to grant the order was correct.

It is, therefore, ordered, adjudged, and decreed that the rule nisi be dismissed, the writs issued herein recalled, and defendant's application denied.

O'NIELL, C. J., concurs because the witnesses sought to be summonsed were not residents of the parish of Vernon.