804 So.2d 657 (2001)
STATE of Louisiana, Appellee,
v.
Antonio MONDRAGON, Isidra Mondragon and Jose Mondragon, Appellant.
No. 35,178-KW.
Court of Appeal of Louisiana, Second Circuit.
April 19, 2001.
*658 Kidd Culpepper by Paul Henry Kidd, Counsel for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Geary Stephen Aycock, Assistant District Attorney, Counsel for Appellee.
Before NORRIS, BROWN and CARAWAY, JJ.

WRIT GRANTED AND REMANDED.
The appointment of a qualified language interpreter based on an adequate showing of a defendant's inability to understand the proceedings in English is within the court's discretion. Though interpreting the proceedings into the language of the defendant, the interpreter, as a non-partisan, neutral expert, assists the court by insuring that the defendant is able to understand and participate in the proceedings in accordance with principles of fundamental due process. Deaf and severely hard of hearing people are entitled to the assistance of court-appointed and paid interpreters under La. R.S. 15:270, and we see no distinction between those persons, whose need for assistance arises from physical limitations, and the needs of those which arise from linguistic limitations. The trial court order denying the payment of the cost of interpretive services is reversed and vacated. We note that the present expert interpreter was obtained and suggested to the court by the defense. This fact may bear upon the trial court's decision to appoint an unbiased and neutral party to aid the court in the translation process. And, we further note that the court's original appointment of the interpreter was made without consideration of the source of payment. A decision on the qualifications of, and costs of, the expert to be appointed by the court is within the trial court's sound discretion. The court may appoint another qualified interpreter in the stead of the one presently appointed.