**Jesus ARRIETA, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 10A05–0602–CR–92.**

Court of Appeals of Indiana.

Nov. 22, 2006.

Stephen J. Beardsley, New Albany, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Jesus Arrieta brings this interlocutory appeal from the trial court's order refusing to appoint an interpreter at government expense. Arrieta argues that a non-English-speaking criminal defendant is entitled to the appointment of an interpreter at government expense whether or not the defendant has established indigency. Finding that this is a matter best left to the legislature and that nothing in statutory or constitutional law requires a trial court to pay for an interpreter for a defendant who has not established financial need, we affirm the judgment of the trial court.

### FACTS

On June 10, 2005, Arrieta was arrested for class A felony dealing in cocaine. At a

preliminary hearing held that same day, Arrieta indicated that he did not speak English. Bond was set at "$50,000 cash, surety," and on June 13, 2005, Arrieta posted bond. Appellant's App. p. 3. At a June 13 hearing, Arrieta indicated his intention to retain private counsel. On June 14, 2005, the State filed the charging information. At the initial hearing, also held on June 14, Arrieta's attorney and a court-funded translator were present.

On August 31, 2005, the trial court notified Arrieta that a certified translator would need to be present for the upcoming pretrial hearing and that it would be Arrieta's responsibility to pay for that translator. At the pretrial hearing on September 8, 2005, Arrieta objected to paying for the translator and no translator was present, so the trial court continued the hearing. The trial court advised Arrieta that because of the county's dire financial needs, the court automatically provides translators only for initial hearings because at that time, there has not yet been an opportunity to make an indigency determination. For further proceedings, the trial court provides a translator only if the defendant has established financial need. Absent a showing of indigency, defendants are required to pay for their own translators.

On October 27, 2005, Arrieta filed a motion to provide translator services for all future proceedings in his case, informing the trial court that he speaks very little English and is unable to understand the proceedings or assist in his defense without an interpreter. The trial court held a hearing on Arrieta's motion on November 16, 2005, during which the court made the following statements:

[T]he Court will always respect your right and your client's right to have a translator. But the issue here is who's to pay for them. The Court does pro-vide translators for individuals who are indigent and for individuals who have established that they do not have financial abilities to pay for a translator. But that's something that needs to be brought to the Court's attention. . . .

* * *

The Court will never deny an interpreter because I do agree and concur that it's up, that everybody has the right to an interpreter. The only question is who pays for it.

* * *

. . . The only issue at any stage beyond the initial hearing, because the Court does pay for interpreters at the initial hearings for all matters just to make sure because we don't have time to make the determination of financial abilities. But it's up to the defendant to show and establish that they have a financial need. Just as if we appoint a public defender basically there has to be a showing of need.

Tr. p. 4–7. The trial court denied Arrieta's motion and certified the order for interlocutory appeal.

## DISCUSSION AND DECISION

■■■ Whether trial courts are required to provide interpreters for non-English-speaking criminal defendants absent a showing of indigency is an issue of law to which we apply a de novo standard of review. *See Brown v. State,* 677 N.E.2d 517, 518 (Ind.1997) (holding that issues of law are reviewed de novo).

It is not in dispute that a non-English-speaking criminal defendant has a right to have court proceedings translated for him. *Martinez Chavez v. State,* 534 N.E.2d 731, 736 (Ind.1989). An interpreter

enables a non-English speaking defendant to understand the trial, provides a

means of communication between the defendant and his attorney, and translates the defendant's testimony if he testifies. The interpreter is necessary to implement fundamental notions of due process such as the right to be present at trial, the right to confront one's accusers, and the right to counsel.

*Id.* at 737 (citation omitted). Moreover, the State and the trial court agree that an indigent, non-English-speaking criminal defendant is entitled to the services of an interpreter at court expense. Appellee's Br. p. 5.

■ As to a criminal defendant who has not established financial need, we observe that non-indigent defendants are not entitled to court-appointed attorneys or expert witnesses. *Lamonte v. State,* 839 N.E.2d 172, 176 (Ind.Ct.App.2005). Thus, the mere fact that a right—such as the right to counsel—is fundamental does not necessarily mean that the exercise of that right must be subsidized by the government under all circumstances. Rather, it is only when the defendant is without financial ability to exercise that right that it must be provided by the government at no cost to him. In concluding that there is no federal constitutional right to a court-appointed interpreter absent a showing of indigency, the Second Circuit commented as follows:

> We are aware that trying a defendant in a language he does not understand has a Kafka-like quality, but [the defendant's]

ability to remedy that situation dissipates substantially—perhaps completely—any feeling of unease.... [W]e doubt that [the defendant's] claimed absolute constitutional right to an interpreter is stronger than the absolute right to a court-appointed counsel; the latter is held only by the indigent....

*United States v. Desist,* 384 F.2d 889, 902 (2d Cir.1976). Similarly, we conclude that the Indiana Constitution does not require the court to provide an interpreter at government expense for a non-English-speaking criminal defendant who has not established indigency.

Although Arrieta directs our attention to a provision of the United States Code regulating the use of interpreters in federal courts, see 28 U.S.C. § 1827, there is no analogous Indiana statute requiring court-funded interpreters in State courts.[1] Indeed, although the statute governing the appointment and use of interpreters in civil cases explicitly provides that if the trial court appoints an interpreter the court may determine the manner in which the interpreter will be paid—including the person responsible for the cost—there is no similar statute applicable to criminal proceedings.[2] Ind.Code § 34-45-1-4. Thus, it is apparent that our legislature has made a policy decision to require trial courts to provide interpreters at government expense only when the defendant is indigent. Any change in that policy is best made by the legislature, not by the courts.

---

1. Arrieta also directs our attention to the Americans with Disabilities Act (ADA), which requires courts to provide interpreters for people with certain disabilities such as hearing impairments. But we are not persuaded that a lack of proficiency in English is akin to a disability, and the ADA does not require courts to provide interpreters for non-English-speaking people who are not disabled. Consequently, we do not find the ADA to be helpful authority in this matter.

2. In 1981, the General Assembly repealed Indiana Code section 35-1-8-2, which had provided that an interpreter could be retained by a criminal defendant or could be appointed by the court. Moreover, if the court appointed the interpreter, the court set the fee and determined the manner in which it would be paid, except that an acquitted defendant could not be required to pay any fee for the court-appointed interpreter's services.

Finally, Arrieta argues that if a non-indigent defendant is forced to pay for his own translator, he may hire someone, such as a family member or friend, who is not skilled or who is emotionally involved to an extent that her ability to interpret effectively, accurately, and impartially is adversely affected. But, as here, a trial court may permit only certified interpreters to be used. If a defendant is unable to afford a certified interpreter, then the trial court would find the defendant to be indigent and would, consequently, provide a court-funded interpreter.

Here, Arrieta has not attempted to demonstrate indigency despite the trial court's invitation to do so. Indeed, the only evidence in the record on appeal, while not dispositive, suggests that Arrieta is not indigent—he posted bond and hired a privately-retained attorney. Arrieta has not attempted to establish that these expenditures have exhausted all of his available funds or that he is otherwise indigent. Under these circumstances, the trial court properly denied his request to provide him with a court-funded interpreter.

The judgment of the trial court is affirmed.

CRONE, J., concurs.

VAIDIK, J., dissents with opinion.

VAIDIK, Judge, dissenting.

I must respectfully dissent. "The right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment." *Estelle v. Williams*, 425 U.S. 501, 503, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). While the majority recognizes that in some cases "[an] interpreter is necessary to implement fundamental notions of due process such as the right to be present at trial, the right to confront one's accusers, and the right to counsel," op. at 1288 (quoting *Martinez Chavez v. State*, 534 N.E.2d 731, 736 (Ind.

1989)), it goes on to hold that a non-English speaking defendant is required to pay for this service unless he or she can make a showing of financial need. I disagree.

I *would* hold that if a non-English speaking defendant is *convicted and able to pay*, the trial court has discretion to order the defendant to pay the cost of the interpreter. Indiana Code § 33–37–2–3 provides statutory guidelines for the imposition of costs in criminal actions, and this Court has stated: "It has long been the law of this state that one who is convicted of a criminal offense may appropriately be assessed the costs of prosecution." *Gooch v. State*, 685 N.E.2d 152, 155 (Ind.Ct.App. 1997). Addressing the issue before us, the Louisiana Supreme Court held that a "trial court erred when it denied defendant's motion for the appointment of a translator on the ground that defendant was not indigent," but, citing a state statute, it continued, "should the defendant be convicted, the costs for any necessary foreign language interpreter is assessable as a cost of the prosecution or proceeding against him." *State v. Lopes*, 805 So.2d 124, 128–29 (La.2001). To support this holding, the Court cited the statutes of three other states allowing for such an assessment of costs. *Id.* at 129 n. 9 (citing Ark.Code Ann. § 16–89–104 (2006); Ohio Rev.Code Ann. § 2335.09 (LexisNexis 2006); Utah Code Ann. § 78–24–4 (2006)). Ordering a defendant to pay the costs of an interpreter after a conviction, however, is a big leap from ordering a defendant, who is presumed innocent, to pay for an interpreter from the outset of a criminal proceeding.

The majority likens paying for an interpreter to paying for an attorney, noting that it is only when a defendant is without financial ability to pay that the government must provide an attorney. I cannot accept this analogy. Rather, I see an in-

terpreter as one of what the United States Court of Appeals for the Second Circuit once labeled the "physical accoutrements" of a trial. *See United States v. Desist,* 384 F.2d 889, 903 (2nd Cir.1967), *cert. granted on other grounds.* Requiring a non-English speaking defendant to pay for an interpreter, to me, would be tantamount to requiring any defendant to pay for a courtroom, a bailiff, even a judge. In that way, an interpreter is part of the "basic apparatus" for intelligible and fair proceedings. See id.[3] And when the government chooses to make someone a criminal defendant, it should furnish this basic apparatus. A criminal defendant is involuntarily drawn into the judicial system and thereby made subject to its immense powers. To require that defendant to pay merely to be able to understand the words being spoken around him in this system infringes upon basic notions of fairness and due process.

I pause to stress the distinction I see between an attorney and an interpreter. Whereas an attorney is often needed to parse out the legal complexities of a case for an untrained defendant, an interpreter serves the more basic role of relaying to the defendant the content of the conversation around and about him. And whereas defendants without attorneys often represent themselves *pro se* (albeit with varying levels of success), defendants who cannot speak English and find themselves in an English-speaking courtroom are at a much more critical and fundamental disadvantage than an unrepresented defendant who can speak English. Therefore, I reject the suggestion that a non-indigent should have to pay for an interpreter simply because he has to pay for an attorney.

The majority also rejects the argument that its opinion will lead criminal defen-

dants to enlist unqualified or incompetent interpreters. It reasons that, "as here, a trial court may permit only certified interpreters to be used." Op. at 1289. I respond that just because this trial court required Arrieta to secure a certified interpreter does not mean that the same will be required by every trial court in every case. No statute or court rule requires interpreters to be certified. The Indiana Supreme Court recently launched a Court Interpreter Certification program, largely to combat the many problems associated with unqualified interpreters. *See* Court Interpreter Certification Program, *available at* http://www.in.gov/judiciary/interpreter (last accessed on Nov. 1, 2006). This program is laudable, but practical considerations, such as the plethora of languages spoken in this country, prevent it from ever being made mandatory. In sum, certification is not a prerequisite to serving as an interpreter in Indiana's trial courts. As such, there is a very real possibility that a criminal defendant could retain the services of an uncertified or otherwise unqualified interpreter. Of particular concern is the prospect of a person with an emotional or professional interest in the case, such as a family member, a friend, or a law enforcement officer, serving as an interpreter. The potential consequences of such an arrangement are obvious. In the alternative, a defendant could seek to avoid the cost of an interpreter by indicating to the trial court that he understands more than he actually does, thereby accepting the risks of proceeding without an interpreter. I fear that the majority's opinion will encourage non-English speaking criminal defendants to take one of these two dangerous routes.

---

**3.** I acknowledge that the *Desist* Court held that an interpreter is not part of this "basic   apparatus." I simply disagree.

I acknowledge the added financial strain that court-provided interpreters could put on Indiana's cash-strapped counties. Nonetheless, some rights transcend fiscal considerations and are so important as to be considered fundamental. As the Indiana Supreme Court has recognized, "[an] interpreter is necessary to implement fundamental notions of due process." *Martinez Chavez,* 534 N.E.2d at 736. I would reverse the decision of the trial court and order it to appoint an interpreter to serve Arrieta in all future court-related proceedings in this cause. I would also hold that if Arrieta is eventually convicted, the trial court may, in its discretion, order Arrieta to pay the costs of his prosecution, including the cost of the interpreter.