BROWN, Chief Judge.
| ,011 July 12, 2011, at about 12:22 a.m., while driving in Union Parish, defendant, Jesse M. Griffin, II, was stopped and thereafter arrested by Union Parish deputies. A bill of information charged defendant with driving while intoxicated, first offense, as defined by La. R.S. 14:98. On September 12, 2012, defendant pled guilty, and his sentence was reduced to writing. Defendant was ordered to “pay a fine of $600 and all costs of these proceedings,” and to serve 150 days in the parish jail. The jail sentence was suspended, and defendant was placed on supervised probation for one year subject to certain conditions which included the payment of the $600 fine, costs of court, $100 costs of prosecution (“COP”) payable directly to the district attorney’s office, and $100 costs of investigation (“COI”) payable to the Union Parish sheriffs office. Although objecting to the COP and COI, defendant signed the written sentence, certifying that he had read and understood and agreed to abide by the conditions of probation. Defendant paid both the COP and COI, as well as the $600 fine and $597 court costs. Thereafter, defendant filed a motion to reconsider the sentence in which he objected to the imposition of the COP and COL This motion was denied. Defendant sought supervisory review, and this court granted the writ to docket.[1]

DISCUSSION

This case presents various issues regarding the application and interpretation of La. C. Cr. P. arts. 887(A) and 895.1(B)(3). La. C. Cr. P. art. 887(A) provides that a convicted defendant is “liable for all costs of the [aprosecution or proceeding,” and that “such costs are recoverable by the party or parties who incurred the expense.” La. C. Cr. P. art. 895.1(B)(3) provides that as a condition of probation, the court may order the defendant to pay an amount of money to “the sheriff ... for costs incurred.”[2]
Citing State v. Rideau, 05-1470 (La.App. 3d Cir.11/02/06), 943 So.2d 559, writ denied, 06-2805 (La.09/14/07), 963 So.2d 395, defendant argues that the COP and COI are costs associated with traditional government functions, which defendants cannot be required to pay. Defense counsel further asserts that the COP and COI are neither itemized nor specific to defendant’s criminal prosecution, but apply to all misdemeanors, even in minor traffic cases, in which the defendant enters a guilty plea, which requires no further investigative work or trial preparation. In many of these cases the court costs greatly exceed the fine imposed. Moreover, defendant contends that the imposition of COP supplements the district attorney’s discretionary fund and salary, resulting in a personal interest in the charges and a subsequent need for his recusal.
Both the district attorney and sheriff claim that the objections to the assessment of COP and COI were waived because defendant paid these costs before filing his motion to reconsider the sentence. Even so, the district attorney states that assessment of COP is authorized by La. C. Cr. P. art. 887(A) and applicable jurisprudence. Additionally, $100 for COP is reasonable and supported by an omnibus “Motion for Costs of Prosecution” filed by the district attorney on October 8, 2004. In this omnibus motion, |sthe district attorney request *17 ed that each misdemeanor defendant be ordered to pay at least $100 for each count to the district attorney’s office as COP. This omnibus motion contained a list of tasks that the district attorney’s office allegedly performs in connection with the prosecution of every misdemeanor.[3] No order was signed by the court pursuant to this motion; however, such costs were specifically ordered in defendant’s case.
The sheriff argues that the COI are authorized under La. C. Cr. P. art. 895.1(B)(3) and/or La. R.S. 13:5535, which establish the costs that sheriffs are allowed to collect in criminal proceedings, and that the judges of the Third Judicial District Court established a schedule of costs by order dated May 8,2006, as follows:
Considering this Court has conferred with the Sheriff of Union Parish and has determined that a fee of $100.00 would be fair and reasonable in line with cost incurred in any misdemeanor case sentenced.
THEREFORE, IT IS ORDERED that the Sheriff of Union Parish be and is hereby allowed to collect the sum of $100.00 for each misdemeanor case sentenced by the court.[4]
The trial court determined that in the instant case, $100 for COP was fair, reasonable, not excessive, and was awarded in accordance with the |4schedule contained in the omnibus motion. The trial court determined that the $100 to be paid to the sheriff was also fair, reasonable, not excessive, and was in accordance with the May 8, 2006, order.
La. R.S. 13:62(B), provides in part that:
No law to provide for a new court cost or fee or to increase an existing court cost or fee shall be enacted unless first submitted to the Judicial Council for review and recommendation to the legislature as to whether the court cost or fee is reasonably related to the operation of the courts or court system.
In criminal cases liability for costs arises from statutory enactments. The costs which are properly chargeable are those necessarily incurred in the prosecution of a particular person, and further, such costs must bear a true relation to the actual expenses of the prosecution. In Safety Net for Abused Persons v. Segura, 96-1978 (La.04/08/97), 692 So.2d 1038, 1044, the supreme court found that the additional fee imposed on all criminal defendants by La. R.S. 13:1906 was unconstitutional because its purpose was unrelated to the administration of justice in that:
... It is not a charge intended to defray the costs of the prosecution of the particular defendant against whom the fee is assessed. Neither does the fee bear a *18 relationship to a social problem caused by a specific crime to which the fee is attached. Rather, the three dollar fee is charged against all persons against whom a fine or costs are assessed, regardless of the crime or the particular costs of the prosecution.

Recusal

The opportunity to receive proceeds from a forfeiture does not demonstrate a bias that would cause a recusal. State v. Ennis, 03-1491 (La.App. 3d Cir.07/07/04), 877 So.2d 300. Furthermore, in order to have a district attorney recused, a motion to recuse must be filed, and the movant must establish by a preponderance of the evidence that the district attorney |shas a personal interest in the cause or proceeding which is in conflict with the fair and impartial administration of justice. La. C. Cr. P. art. 680; State v. King, 06-2383 (La.04/27/07), 956 So.2d 562.

Waiver

We first note that, contrary to the arguments of the district attorney and sheriff, defendant did not acquiesce in the trial court’s judgment by paying the COP and COI. At sentencing, defense counsel specifically objected to the imposition of both COP and COI. This objection forms the basis for defendant’s appeal. Under these circumstances, the payment was involuntary and indicated an intent by defendant to retain his right to appellate review. State v. Malone, 08-2253 (La.12/01/09), 25 So.3d 113.

Costs of Prosecution

La. C. Cr. P. Article 887(A) provides in part:
A defendant who is convicted of an offense or is the person owing a duty of support in a support proceeding shall be liable for all costs of the prosecution or proceeding, whether or not costs are assessed by the court, and such costs are recoverable by the party or parties who incurred the expense. However, such defendant or person shall not be liable for costs if acquitted or if the prosecution or proceeding is dismissed. In addition, any judge of a district court, parish court, city court, traffic court, juvenile court, family court, or magistrate of a mayor’s court within the state shall be authorized to suspend court costs.
In State v. Lopes, 01-1383 (La.12/07/01), 805 So.2d 124, 129, the supreme court stated, “[C. Cr. P. Art. 887] continues the well-settled declaration that the defendant’s liability for costs of his criminal prosecution and the proceedings related thereto is inherent in the adjudication of his guilt. As such, should the defendant be convicted, the costs for any necessary foreign language interpreter is assessable to him as a cost ‘of the | (¡prosecution or proceeding’ against him.” In State v. Lopes, supra, the court recognized that these costs initially “shall be paid by the parish where the prosecution was instituted.” Id. Article 887(A) provides that “[S]uch costs [of prosecution] are recoverable by the party or parties who incurred the expense.” Thus, in State v. Lopes, the defendant would have reimbursed the costs of the interpreter to the parish, not the district attorney’s office.
Significantly, La. R.S. 16:16.1 is titled “Costs for prosecution expenses ” and provides for a specific sum to be paid to the district attorney’s office as follows:
Except in the parish of Orleans, in all criminal cases, over which the district attorney’s office has jurisdiction, there shall be taxed as costs against every defendant who is convicted after trial or who pleads guilty or nolo contendere or against whom a judgment of bond forfei *19 ture has been rendered, a nonrefundable sum of ten dollars in each case, which shall be in addition to all other fines, costs, or forfeitures lawfully imposed. The sums collected under this Section shall be remitted monthly by the clerk’s office to the office of the district attorney of the judicial district to be used in defraying expenses of his office.[5]
In State v. Heath, 513 So.2d 493, (La.App. 2d Cir.1987), writ denied, 519 So.2d 141 (La.1988), this court found that the trial court did not abuse its discretion in assessing $3,865.47 for prosecution costs in connection with the defendant’s conviction for four counts of Medicaid fraud. This court noted in fn. 6, at 513 So.2d at 503, “We gather from discussions in the record that the state presented documentation to support the costs claim, but that documentation was not attached to the record. Apparently, the trial judge only allowed costs attendant to the trial itself, as 17opposed to those arising from the investigation of the case.” The court, in State v. Heath, supra, however, did not designate the party who incurred the expense. Article 887(A) provides that such costs (of prosecution) are recoverable by the party or parties who incurred the expense.
In State v. Ratliff, 35,144 (La.App. 2d Cir.09/26/01), 796 So.2d 101, the defendant was assessed $2,500 for the COP to be paid to the district attorney’s office, in addition to a fine and court costs, in connection with his conviction for conspiracy to possess a Schedule IV CDS with intent to distribute. On appeal, in finding that the defendant’s sentence was not excessive, this court observed that the award for $2,500 in additional costs was supported by the documentation supplied in the defendant’s pre-sentence investigation report. We note that the opinion itself gives some basis for the costs awarded to the prosecutor in State v. Ratliff Following a traffic stop on 1-20, a search of the van driven by Roberto Hernandez turned up seven large Ziploc bags filled with approximately 64,000 blue pills which appeared to be diazepam or Valium. Hernandez agreed to cooperate with investigators in the delivery of the drugs to the defendant, the intended purchaser, who was in Indiana. Three state troopers, a federal agent, Hernandez, and his girlfriend traveled to Indiana in several vehicles. A buy-bust sting operation was conducted in conjunction with Indiana authorities. Audio and video surveillance equipment captured the transaction, and defendant was arrested. Defendant was tried in Louisiana. It can rationally be inferred that the costs awarded to the prosecutor were for this buy-bust operation. In the opinion, this court recognized that the costs would be paid to the party or parties that incurred the expense.
| sIn State v. Rideau, supra, the court stated that the phrase “costs of prosecution or proceeding” in La. C. Cr. P. art. 887(A) did not express an intent by the legislature to authorize the recoupment of every cost incurred by the state in maintaining the judicial system. The court noted that La. C. Cr. P. art. 887(A) did not explicitly authorize costs related to jury expenses, which have been held by other courts to be costs inherent in the judicial process and as such, cannot be assessed against a defendant. The court stated that if La. C. Cr. P. art. 887(A) were interpreted as “all inclusive” of all prosecution costs, the potential for varied judicial interpretations of what costs fall within its *20 parameters is evident and that a court could find that the COP included:
not only those [costs] associated with juries, but a laundry list of other costs from the date of arrest or citation to sentencing-i.e., security costs for judges, salaries of the sheriff, municipal police, or marshals and their deputies, transportation and incarceration costs, salaries of the clerk of court and his employees, in addition to record keeping and duplication costs, salaries of the judges, their law clerks, secretaries, and other court employees, including court reporters salaries and fees, salaries of the district attorney and his staff, and all their daily expenses while working on the “prosecution of the case” including the meals they consumed, the costs of traveling to and from their place of employment, all investigation expenses, forensic testing, all lay and expert witness costs and fees, in whatever amounts claimed, or any other costs the district attorney or other officials claim are related to the prosecution.
State v. Rideau, 943 So.2d at 574.
The court in State v. Rideau, supra, noted that costs are subject to the discretion of the trial judge, and that La. C. Cr. P. art. 887(A) does not provide any standards for a court to consider before assessing costs against a defendant. The court observed that there was nothing in the record to aid it in determining whether the costs, as itemized, accurately reflected the ^charges that were actually incurred in the prosecution and whether those costs were reasonable.
In this case, as a condition of his probation, the trial court ordered defendant to pay $100 for COP to the district attorney’s office, in addition to a fine and court costs. As noted, the district attorney already receives as a cost of prosecution $10 in every criminal case. See La. R.S. 16.16.1. There is no proof of any extraordinary costs to the district attorney that were actually incurred in connection with this case. There is an omnibus motion in which the district attorney requested that each misdemeanor defendant be ordered to pay the district attorney’s office $100 for COP. The omnibus motion lists tasks that the district attorney’s office ordinarily performs in all misdemeanor cases; however, the costs associated with those tasks appear to be general operating expenses and do not represent any special costs that the district attorney’s office incurs in prosecuting individual defendants. Also, because defendant pled guilty, the district attorney’s office did not actually perform most of the tasks listed in the motion.
Further, La. R.S. 15:571.11, entitled “Disposition of fines and forfeitures,” provides in part that:
A. (1)(a) All fines and forfeitures ... upon collection by the sheriff or executive officer of the court, shall be paid into the treasury of the parish in which the court is situated and deposited in a special “Criminal Court Fund” account, which, on motion by the district attorney and approval order of the district judge, may be used or paid out in defraying the expenses of the criminal courts of the parish as provided in Ch.C. Articles 419 and 421 and R.S. 16:6, in defraying the expenses of those courts in recording and transcribing of testimony, statements, charges, and other proceedings in the trial of indigent persons charged with the commission of felonies, in defraying their expenses in the preparation of records in appeals in such cases, for all expenses and fees of the petit jury and grand jury, for witness fees, for attendance fees of the sheriff and clerk of court, for costs and expenses of a parish [inlaw library, and for other ex *21 penses related to the judges of the criminal courts and the office of the district attorney ...
Thus, all ordinary expenses of the district attorney’s office are covered by the parish police jury. The “party” that incurs these costs is the parish police jury’s criminal court fund or its general fund if the criminal court fund is short of money. Other expenses incurred by the district attorney’s office and provided for under article 887(A) must bear a “true relation” to the actual expenses of the particular prosecution, and they do not include the general expense of maintaining the system of courts and the administration of justice, all of which is an ordinary burden of parish government.

Costs of Investigation

 Defendant contends that the “investigation costs” ordered to be paid to the sheriff under La. C. Cr. P. art. 895.1 are the same “expenses” set forth in La. C. Cr. P. art. 887 and are not intended as additional pay for doing one’s job, but are intended to serve as reimbursement for actual costs expended in each criminal prosecution. La. C. Cr. P. art. 895.1 provides only for the recoupment of expenses not associated with the ordinary operation of the sheriffs offices.
| iiLa. C. Cr. P. Article 895.1(B) provides in part:
When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:
[[Image here]]
(3) To the sheriff ... for costs incurred.
La. C. Cr. P. Article 877(C) provides in part, with emphasis added:
In addition to the costs provided in Paragraph A, a person convicted of a violation of R.S. 14:98, R.S. 14:98.1, or of any municipal or parochial ordinance defining the offense of operating a motor vehicle, aircraft, watercraft, vessel, or other motorized means of conveyance under the influence of alcohol or drugs, who was subjected to a blood, breath, or urine analysis for alcohol or any controlled dangerous substance listed in R.S. 40:964, Schedule I, II, III, IV, or V, shall be assessed an additional seventy-five dollars as special costs. Such costs shall be paid in the following manner: twenty-five dollars to the governing authority owning the instrument used to perform the analysis, and fifty dollars to the governing authority whose agency performed the analysis.
In the case sub judice, this $75 was in fact paid to the sheriffs office. The costs set forth in La. R.S. 13:5535 are paid to the sheriffs office by the parish police jury. Further, the sheriff is required to itemize these expenses.
Although the trial court has statutory authority to impose COP and costs incurred by the sheriff on a defendant, there are issues regarding what kinds of costs can be recovered under these articles and the extent of proof necessary to impose such costs on a defendant. We hold that these articles do not allow recovery for the ordinary operating expenses of the district attorney’s office or the sheriffs department. Rather, the district attorney and the sheriff can only receive reimbursement for costs that they actually “incurred” in connection with a particular case. As such, proof of these costs is necessary in order for the trial court to assess them to a particular defendant.

*22
11⅞Conclusion

Thus, we vacate the trial court’s order that defendant pay the cost of prosecution and costs incurred by the sheriffs office and remand for further proceedings.

. An amicus curiae brief was filed on behalf of the Louisiana District Attorneys’ Association in support of the respondent's opposition to the writ application.

. Although the trial court and all parties refer to “costs of investigation,” La. C. Cr. P. art. 859.1(B)(3) simply states "for cost incurred.”

. This list includes: building of the file by the secretary; preparing a request for the defendant’s criminal history and active charges; reviewing the file submitted by law enforcement to make sure it is complete; data entry of the defendant's information; reviewing the file to determine the appropriate charges; preparation of the bill of information; filing the bill of information; meetings with victims and witnesses of crimes and notifying them of court proceedings; issuance of subpoenas for medical records and phone records; attendance at the defendant's initial appearance; data entry of trial dates; attempts to locate witnesses, serve subpoenas, and execute arrest warrants; substantial copying of the file in response to the defendant’s motion for discovery; tracking the defendant's pre-trial motions; attendance at the status and pre-trial conferences; interviewing witnesses and victims; preparation and negotiation of the case termination agreement; attendance at the defendant’s guilty plea; and attendance at the trial of the case.

. There is also an identical order stating that the sheriff is allowed to collect $300 for each felony case. In briefs, the parties state that the DA also collects $300 in felony cases.

. We note that La. R.S. 13:1899 allows that the judge in all criminal matters may assessed an amount not to exceed $30 for the court’s expense account. Similar costs are imposed for public defenders, crime labs, sheriffs, probation and parole, and others.